UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 18-655 (SDW) |
| v. | |
| FRED DAIBES and MICHAEL MCMANUS, | Document Filed Electronically |
| Defendants. | |

BRIEF IN SUPPORT OF DEFENDANT MICHAEL MCMANUS'
MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
REJECTING THE PLEA AGREEMENT AND FOR
A STAY OF THE COURT'S DEADLINE OF OCTOBER 16, 2023
FOR MR. MCMANUS TO WITHDRAW FROM THE PLEA AGREEMENT

WHIPPLE AZZARELLO, LLC
161 Madison Avenue, Suite 325
Morristown, New Jersey 07960
Telephone: 973-267-7300
jcwhipple@whippleazzarellolaw.com
Attorneys for Defendant
Michael McManus

On the Brief:

John C. Whipple, Esq.
Amy Valentine McClelland, Esq.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ................................................................1

LEGAL ARGUMENT ................................................................................................................ 3

      I.      Mr. McManus Respectfully Requests that the Court Reconsider its October 5 Text Order ..................................................................................................................3

      II.     The Pre-Sentence Report Contemplates a Guideline Sentence Compatible with the Stipulated Sentence ......................................................................................................4

           A. Specifics of the Offense .......................................................................................7

           B. Specifics of the Offender .....................................................................................7

      III.    The Allegations in the SDNY Indictment Do Not Implicate Mr. McManus .......... 8

CONCLUSION ...........................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*United States v. Agosta-Vega*, 2007 U.S. Dist. LEXIS 85117 (D.P.R. Nov 16, 2007).................... 3

*United States v. Escobar Noble*, 653 F.2d 34, 36-37 (1st Cir. 1981) ............................................... 3

*United States v. Fiorelli*, 337 F.3d 282 (3d Cir. 2003) ...................................................................3

**Rules and Statutes**

Fed. R. Crim. P. 11 ......................................................................................................................4

Fed. R. Civ. P. 60 .........................................................................................................................4

## PRELIMINARY STATEMENT

Michael McManus respectfully brings this motion for reconsideration of the Court's Text Order entered October 5, 2023, rejecting the Plea Agreement between the Government and Mr. McManus entered into May 2, 2022 (the "Plea Agreement") (D.E. 76). We submit that the Stipulated Sentence set forth in the Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), when viewed in connection with the advisory sentence calculated by Probation in the Pre-Sentence Report ("PSR") and in light of the factors set forth in 18 U.S.C. §3553(a) is entirely reasonable. Indeed, if the Court accepted the Plea Agreement, imposing the Stipulated Sentence requires only a minor variance from the Advisory Guideline range set forth in the PSR. Moreover, even if the Court were inclined to consider matters extraneous to the Plea Agreement and PSR, such as the recently unsealed indictment against Mr. McManus' co-defendant in this matter, that Indictment makes zero reference to Mr. McManus. In the interest of justice, Mr. McManus' plea agreement should be accepted and he should be sentenced in accordance with same.

Finally, we request that Mr. McManus' time to withdraw his plea as set forth in the October 5 Order be stayed pending the Court's decision on this motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. McManus is a finance and real estate professional. In that capacity he has partnered with co-defendant Fred Daibes in various real estate ventures. Mr. McManus also acted as an officer of Daibes Enterprises. Daibes was both the Chief Executive Officer of Daibes Enterprises and the Chairman of the Board of Directors of Mariner's Bank, an FDIC-insured bank headquartered in Edgewater, New Jersey with locations throughout Bergen County.

In 2008, Daibes partnered with a longtime friend, James Demetrakis ("Demetrakis") in certain real estate developments. In June of that year, Dematrakis applied for a line of credit with Mariner's in the amount of $1.8 million. Daibes both voted to approve the loan and ultimately

1

received the proceeds of the loan. Based on the loan application submitted by Dematrakis, Mariner's was not aware that Daibes would receive the proceeds of the loan.

Mariner's eventually asked Demetrakis for a copy of the written real estate agreement that formed the basis for his loan application. Because no agreement had been previously reduced to writing, Demetrakis asked Mr. McManus to draft a contract, reflecting the real estate agreement between Demetrakis and Daibes from April 4, 2008. Mr. McManus created the contract on or about December 22, 2011, a copy of which was eventually emailed to the FDIC on or about March 30, 2012. At that same time, Mr. McManus also participated with Daibes' accountant in preparing a letter regarding the tax consequences to Daibes of the loan and the contract. That letter was also submitted to the FDIC. It was during this time frame—December 2011 to March 2012—that Mr. McManus became aware that Daibes had in fact received the proceeds of the Dematrakis loan.

While preparing that letter, in which tax returns for 2009 were referenced for a transaction that occurred in 2008, Mr. McManus was able to surmise that the contract he had drafted, which had also been submitted to the FDIC, may not have been completely accurate, since it was not consistent with the tax returns. Mr. McManus became aware that Daibes, not Demetrakis, had received the proceeds of the 2008 Loan. Therefore, Mr. McManus was aware, and did not disclose to law enforcement, that Daibes, as an officer of Mariner's, had misapplied Mariner's funds. Mr. McManus did not inform or notify law enforcement regarding the misapplication of the loan funds, and he did not make any further inquiries as to the facts and circumstances concerning his preparation of the contract and accountant letter.

The loan proceeds received by Daibes were repaid in full. There is no allegation that any loan was unpaid; there is no allegation that Mariner's suffered any financial loss as a result of the loan. PSR ¶ 50.

2

Under the Plea Agreement entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C) following a six-year investigation, four-years of litigation during the pandemic including multiple adjourned trial dates and detailed negotiations—Mr. McManus agreed to plead guilty to one-Count Information charging him with Misprision of Felony, a class E felony, for failing to make known the misapplication of bank funds contrary to 18 USC § 656, in violation of 18 USC § 4. PSR ¶ 14. Mr. McManus and the Government agreed to a one-year probationary term as a Stipulated Sentence. PSR ¶52(9).

On November 20, 2019, Dematrakis was sentenced by former U.S. District Judge John Michael Vazquez to a two-year probationary term and a $75,000.00 fine. PSR ¶ 3.

By text order entered October 5, 2023, this Court notified the parties that it was rejecting the Plea Agreement entered into between Mr. McManus and the Government (D.E. 108).

**LEGAL ARGUMENT**

I.   **Mr. McManus Respectfully Requests that the Court Reconsider its October 5 Text Order**

This Circuit has recognized that motions for reconsideration under Fed. R. Civ. P. 59 or 60 may be filed in criminal actions even though there is no procedural counterpart under the Federal Criminal Rules. *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). Other district courts have specifically entertained reconsideration motions regarding the rejection of a Rule 11(c)(1)(C) plea. *United States v. Agosta-Vega*, 2007 U.S. Dist. LEXIS 85117 (D.P.R. Nov 16, 2007).

A district court, of course, has "wide latitude to reject a plea bargain." *United States v. Escobar Noble*, 653 F.2d 34, 36-37 (1st Cir. 1981). The Court has complete discretion to accept or reject a plea agreement. We are asking the Court to reconsider that exercised discretion. For the reasons that follow, we urge the Court to reconsider and accept the Plea Agreement.

3

Fed. R. Crim. P. 11(c)(5) requires that, in rejecting plea agreement under (c)(1)(C), the Court on the record and in open court:

(A) Inform the parties that the court rejects the plea agreement;

(B) Advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

(C) Advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

Fed. R. Crim. P. 11(c)(5)(A-C).

Had the Court convened a court appearance, the arguments made herein would have been made part of the record. Thus, we submit that this motion pursuant to Fed. R. Civ. P. 60 is the appropriate vehicle for relief. That rule allows this court to "relieve a party … from [an] order" for specific reasons including "mistake, inadvertence, surprise, or excusable neglect," or for "any reason that justifies relief." As explained below, rejection of Mr. McManus' Plea Agreement, while based on the Court's review of the PSR, perhaps did not give due consideration to all of the surrounding circumstances of this case including the 18 U.S.C. §3553(a) factors.

## II. The Pre-Sentence Report Contemplates a Guideline Sentence Compatible with the Stipulated Sentence.

The Pre-Sentence Report, prepared on August 16, 2022 (after Mr. McManus had been under pretrial supervision for nearly four years) correctly calculated the base and adjusted offense level attributable to Mr. McManus' guilty plea. Pursuant to U.S.S.G. §2X4.1(a), violations of 18 U.S.C. § 4 apply the guidelines for the underlying offense, which is U.S.S.G. §2B1.1. The initial base offense level is 7 because the underlying offense has a maximum statutory penalty of 20 years or more. There is an automatic increase to level 24 pursuant to U.S.S.G. §§2B1.1(b)(17)(A); and the

base offense level is reduced 9 levels lower than the offense level for the underlying offense; thus, the base level is reduced to 15.

Mr. McManus's complete and truthful acceptance of responsibility provided a two-level decrease pursuant to U.S.S.G. § 3E1.1(a). Based on a significant Amendment to the Sentencing Guidelines, Mr. McManus would be eligible for an additional two-level decrease to his Offense level of 15. The Amendment awards an additional 2-point offense level reduction to defendants with zero criminal history points. That amendment goes into effect February 1, 2024 and will be applied retroactively beginning November 1, 2023. Recently, District Judges in this Court have been applying the Amendment as a (2) level variance for those defendants who are eligible. In the interest of justice, and to best effectuate the purpose of the new deduction, which applies precisely in cases like Mr. McManus', this Court can apply that reduction to reach an offense level of 11 as the proper advisory guideline against which to juxtapose the Stipulated Sentence agreed to between the Government and Mr. McManus.

**PSR Offense Level Computation**

| | |
|---|---|
| **Base Offense Level: U.S.S.G. §2B1.1** | **15** |
| Specific Offense Characteristics: None | 0 |
| Victim-Related Adjustments: None | 0 |
| Adjustments for Role in Offense: None | 0 |
| Adjustment for Obstruction of Justice: None | <u>0</u> |
| **Adjusted Offense Level:** | **15** |
| Adjustments for Acceptance of Responsibility: | |
| U.S.S.G. §3E1.1(a) | -2 |
| Adjustment for Zero Criminal History | -2 |
| Chapter Four Enhancements: None | <u>0</u> |
| **Total Offense Level:** | **11** |

The resultant advisory Guideline range for offense level 11 is 8-14 months, Zone B, wherein a sentence of home confinement is authorized. Pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), Mr. McManus and the Government agreed to one (1) year probation term as a reasonable sentence.

When contrasted against the advisory Guideline range (either as calculated by the PSR or with the additional two-level reduction advocated herein), the Stipulated Sentence is eminently reasonable. It's reasonable because the parties considered and evaluated all the circumstances of this case, the length of investigation, the proofs at trial, four years of perfect Pretrial Supervision, four years of litigation during the pandemic, the history and characteristics of Mr. McManus and that a more culpable co-defendant (Dematrakis) already received a two-year probation sentence.

Under the PSR's recommended offense level, only a five-level variance would be required to comport with the terms of the Plea. With the additional two-level reduction for a zero-history score, the required variance is only three levels. The below illustrates the close accord among the PSR, the PSR range including the zero-history reduction, and the Stipulated Sentence.

|  | PSR | PSR with additional 2 level reduction | Stipulated Sentence |
|---|---|---|---|
| **Offense Level** | 13 | 11 |  |
| **Advisory Range** | 12-18 mos. Split Sentence Eligible | 8-14 mos. Home Confinement Eligible |  |
| **Probationary Sentence** | Probation not precluded by statute, split sentence authorized | Probation is authorized statute and presumed under zero criminal history point amendment | 1 year probation |

Given the specifics of the offense and Mr. McManus' own specific characteristics—both of which this Court would be obligated to examine in reaching a sentence pursuant to U.S.S.G. § 3553—the parties reasonably concluded that one year probation (following five years of perfect supervision by Pretrial Services) was an entirely reasonable sentence. As referenced above, the

Government investigated this case for six years. It litigated this matter with Mr. McManus for four years, becoming fully apprised of the applicable sentencing factors. Against that extensive background (and after the more culpable Dematrakis was sentenced to two years of probation in 2019), the Government concluded that a one-year probation sentence for Mr. McManus was appropriate and reasonable under the law. That sentence also reasonably comports with the sentence recommended by the PSR.

A. Specifics of the Offense

As acknowledged by the Government, the conduct for which Mr. McManus pled guilty was the result of a "highly specific set of facts and circumstances," novel in his otherwise unblemished 35-year career. Indeed, this case is particularly novel as the conduct alleged resulted in no financial losses--the loan proceeds received by Daibes were repaid in full. There is no allegation that any loan was unpaid; there is no allegation that Mariner's suffered any financial loss as a result of any loan. In sentencing Mr. McManus, this Court must also reflect upon the sentences given to other related defendants, such as the two-year probation term given to Dematrakis.

B. Specifics of the Offender

The PSR correctly notes that Mr. McManus is an investment and real estate professional with no criminal history. PSR ¶ 92, 71. He has been married to his wife for nearly 37 years, supporting her through myriad health challenges. PSR ¶ 79. His son describes him as an "honest, loyal, and reliable" parent who was "always involved" in his children's academic and extracurricular activities. PSR ¶ 80.

None of the goals of sentencing are furthered by a sentence beyond the Stipulated Sentence. Mr. McManus has been under the supervision of Pretrial Services since **November of 2018**

7

without incident. He has no history of substance abuse and requires no substance abuse counseling or treatment. As the Government stated, "a sentence greater than that stipulated in the plea agreement is not necessary to protect the public from further crimes of the defendant or to effectively convey the seriousness of his offense, particularly given the particular circumstances of the defendant's limited offense conduct and the fact that no financial loss resulted from his conduct." (Government Sentencing Memorandum)

We respectfully submit that this case clearly calls for a probationary sentence like the one agreed to between Mr. McManus and the Government. Rejection of the Plea Agreement while clearly in the Court's discretion should be reconsidered in the interests of justice. We ask that the Court reconsider its ruling and accept the Plea Agreement.

### III. The Allegations in the SDNY Indictment Do Not Implicate Mr. McManus.

There has been an enormous amount of publicity relating to Mr. Daibes' new indictment in the Southern District of New York ("SDNY"). The SDNY Indictment (available at *https://www.justice.gov/usao-sdny/pr/us-senator-robert-menendez-his-wife-and-three-new-jersey-businessmen-charged-bribery*) (last visited October 12, 2023) makes no reference to Mr. McManus *at all*. He is not an unindicted co-conspirator. He is not referred to under a pseudonym. Despite an extensive investigation, there is nothing in the SDNY Indictment to indicate that Mr. McManus had involvement in, or even knowledge of, any criminal or improper behavior, nor that his Plea Agreement or Mr. Daibes' Plea Agreement was in any way influenced by the allegations set forth in the SDNY Indictment. Indeed, the Indictment is specific that the named officials "did *not* pass on to the prosecution team the fact that ROBERT MENENDEZ, the defendant, had contacted them as described in the above paragraphs, and they did *not* treat the case differently as a result of the above-described contacts." Indictment at ¶ 45 (emphasis added). Therefore, Mr.

Mcmanus' sentencing may proceed at this time, and should proceed under the terms of the Plea Agreement.

Last, Mr. Daibes and Mr. McManus are named together under the same Text Order. However, there is legal justification for rejecting the Daibes' plea but accepting the McManus plea. The plea agreements were not contingent upon one another. They were negotiated at different times, they have different terms, and were entered on different dates (Daibes April 27, 2022 and McManus May 24, 2022). Daibes is charged in a new indictment with allegations – if true – occurring during the pendency of this case. That simple fact alone would impact his potential sentence in this case and his plea agreement. His sentencing guideline range in his PSR is subject to change depending on the outcome of the SDNY case. Those issues would certainly lead to a rejection of his plea agreement and stipulated term of probation sentence. That is what the Court has ordered as to Daibes. However, none of that analysis or reasoning applies to Mr. McManus. We respectfully ask the Court to reconsider and approve Mr. McManus' Plea Agreement.

## CONCLUSION

For the foregoing reasons, Mr. McManus respectfully requests that the Court reconsider its October 5 Order, accept the Plea Agreement, and schedule Mr. McManus' sentencing for a date as soon as the Court's schedule permits.

Respectfully submitted,

**WHIPPLE AZZARELLO, LLC**

By: s/ John C. Whipple
      John C. Whipple

Dated: October 13, 2023

9